[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 02-13281

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 26, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-01115-CV-ORL-22C

ERICA TYNE, individually and on behalf of Frank
William "Billy" Tyne, Jr.,
BILLIE-JO FRANCIS TYNE, individually and on
behalf of Frank William "Billy" Tyne, Jr., ET AL.

Plaintiffs-Appellants,


versus


TIME WARNER ENTERTAINMENT COMPANY, L.P.,
d.b.a. Warner Bros. Picture,
BALTIMORE/SPRING CREEK PICTURES, L.L.C.,
a Delaware limited liability company, ET AL.

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 26, 2005)

Before BARKETT, MARCUS AND ALARCÓN[*], Circuit Judges.

PER CURIAM:

_____

[*]Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting by
designation.

In our previous published opinion in this case, see Tyne v. Time Warner Entm't Co. , 336 F.3d 1286 (11th Cir. 2003), we asked the Florida Supreme Court for guidance on the scope of section 540.08 of the Florida Statutes, and its application to this case. We certified the following question of law to the Court:

> To what extent does Section 540.08 of the Florida Statutes apply to the facts of this case?

Id. at 1291.

The Florida Supreme Court has now answered the certified question, see Tyne v. Time Warner Entm't Co., 901 So. 2d 802 (Fla. 2005), rephrasing the certified question as follows:

> Does the phrase "for purposes of trade or for any commercial or advertising purpose" in section 540.08(1), Florida Statutes, include publications which do not directly promote a product or service?

After analyzing the Florida cases interpreting section 540.08, including Loft v. Fuller, 408 So. 2d 619 (Fla. Dist. Ct. App. 1981), the opinion holds, as follows:

> [W]e answer the rephrased certified question in the negative and hold that the term "commercial purpose" as used in section 540.08(1) does not apply to publications, including motion pictures, which do not directly promote a product or service. We approve Loft's construction of section 540.08. We, however, note that our decision is limited only to answering the rephrased question certified by the Eleventh Circuit. This decision does not foreclose any viable claim that appellants may have under any other statute or under the common law.

Tyne, 901 So. 2d at 810.

2

Because "section 540.08(1) does not apply to publications, including motion pictures, which do not directly promote a product or service," id., and the motion picture in this case did not directly promote a product or service, plaintiffs' statutory misappropriation claims were properly dismissed.

The district court's order granting summary judgment is AFFIRMED.